TREASH, J.
At the July, 1921, term of the Summit county common pleas court, plaintiff in error was indicted by the grand jury for second degree murder for having shot and killed one Charles F. Johnson on May 8, 1921. Immediately following the commission of the offense he had been arrested and bound over by the municipal court of Akron to await the action of the grand jury. On September 1, 1921, he pleaded guilty to manslaughter under this indictment, and the second degree charge of the indictment was nulled, and the court thereupon sentenced him to the Ohio penitentiary for a term of not less than twenty years.
An exception was taken to the judgment of the court, and the case has been brought here on petition in error to reverse that judgment.
Two assignments of alleged error are noted, first: that the *749 sentence of not less than twenty years imposed by the court is against the law and illegal: and second: abuse of discretion on the part of the court in sentencing the defendant to the maximum period allowed by law when the circumstances surrounding the commission of the crime did not warrant such punishment.
First. The indeterminate sentence law, Sec. 2166 G. C., was passed March 15, 1921, and filed with the secretary of state, April 4, 1921, and not having an emergency clause attached, went into effect July 3, 1921, before sentence was imposed upon plaintiff in error but after the commission of the offense charged. This amendment is as follows:
“Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general, but they shall fix, within the limits prescribed by law, a minimum period of duration of such sentences. All terms of imprisonment of persons in the Ohio penitentiary may be terminated by the Ohio board of administration, as authorized by this chapter, but no such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term fixed by the cmirt for such felony.”
Prior to this amendment, the section provided that sentence could only be imposed for an indeterminate period of not less than the minimum nor more than the maximum limit provided by law.
The question is presented: Do the provisions of this amendment apply to pending actions and offenses committed prior to the going into effect of the amendment, but where sentence was not imposed until after it went into effect?
If the amendment applies to offense committed and proceedings thereon pending at the time it went into effect, then the court was authorized to fix a minimum period of imprisonment in imposing sentence. If the amendment does not apply to offenses committed before the amendment became effective and pending cases, then he had no such authority.
We are of the opinion that the amendment does not apply to prior offenses and pending proceedings.
It has been held that a prosecution for crime is pending as *750 soon as the accused is arrested and committed. Hartnett v. State, 42 Ohio St. 568. Since the accused was arrested and committed before July 3, 1921, the prosecution was pending against him at the time the amendment became effective.
Section 26 G. C. provides that an amendment, either to the substance or the remedy of the statute, shall not affect pending actions, proceedings or causes of actions or prosecutions, unless so expressed; and the prosecuting attorney in his ax'gument to this court agreed that this section covered the present ease. There is no attempted reservation in the amendment as to pending proceedings, prosecutions or causes of actions then existing, and therefore we hold that this criminal prosecution, then existing, and this proceeding being then pending, the former provisions of the indeterminate sentence law applied and the court had no authority or power under the amendment to impose a minimum term under the provisions of the amendment.
It has been suggested, however, that even if the court did err in imposing sentence, that such error is not prejudicial and reversible error, and that this court has no jxxrisdiction in this matter, since the latter part of See. 2166 G. 0. provides as follows :
“If through oversight or otherwise a sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced slxall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had not been sentenced in the manner required by this section,” the iixference being that the board of administration or board of pardons would correct the sentence. The jurisdiction of the court of appeals is fixed by Art. 4, Sec. 6, Constitution of Ohio, not by the legislature, and provides by that the court of appeals has “jurisdiction to review, affirm, modify or reverse the judgments of the court of common pleas, etc., ’ ’ and jurisdiction of this court can not be ousted even if the legislature undertook to provide that such board or commission could connect or revise the judgments of the courts. Nor are we warranted in assuming that such board or commission would properly interpret the law and correct the error complained of.
Because the judgment will have to be reversed on account of the court below having exceeded its authority in imposing sen *751 tence, it will not be necessary to consider tbe second assignment of error claimed by the plaintiff in error.
Judgment of the court of common pleas in imposing a minimum sentence of not less than twenty years upon plaintiff in error is accordingly reversed, and the cause is remanded to the court of common pleas for sentence according to law.
Pardee and Sullivan, JJ., concur.